468 P.2d 389

Daisy M. TAYLOR, Widow of Glenn Wayne Taylor, Deceased and Laura E. Taylor, a minor child, Petitioners,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Midway Mobile Homes, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 251.

Court of Appeals of Arizona, Division 1, Department A.

April 28, 1970.

Rehearing Denied May 22, 1970.

Review Denied June 16, 1970.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Ralph E. Mahowald, Jr., Phoenix, for petitioners.

Donald L. Cross, Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Ronald M. Meitz, Phoenix, for respondent carrier State Compensation Fund.

STEVENS, Judge.

The surviving widow and the minor daughter of Glenn Wayne Taylor have requested that this Court review the action of The Industrial Commission of Arizona wherein the Commission found "[t]hat the accident in which Glenn Wayne Taylor lost his life on December 10, 1965, did not arise out of or in the course of his employment by the defendant employer herein, within the meaning of the Arizona Workmen's Compensation Law." The Commission further found that the petitioners herein did not sustain their burden of proving entitlement to compensation. This case was decided under the law as it existed prior to 1 January 1969.

It is urged that Taylor was in the process of calling upon a sales prospect within the sales territory of his employer and that he was in the course of his employment. He was flying his employer's airplane at night contrary to express instructions of the employer.

We have reviewed the record, and in our opinion the evidence supports the findings of the Commission. Our opinion is not based upon the violation of the employer's instructions. In view of the evidence, the findings in question can be sustained even in the absence of a violation of this express instruction. Therefore, we express no opinion as to the circumstances under which a violation of express instructions could conceivably take

an otherwise proper mission of an employee out of the protective cover of being in the course of his employment.

The award is affirmed.

DONOFRIO, P. J., and CAMERON, J., concur.